Peck, J.
delivered the opinion of the court.
Love was sued to January term of the county court of Greene 1828, on a promissory note for eight hundred dollars. He appeared and pleaded several pleas, none of which it is deemed important to notice, except the fifth, in these words; Actio non, — “because he says he did not assume and take upon himself as in the declaration mentioned, within six years next before suing out the original writ in this cause, and this he verifies, &c.” On motion, this, with other pleas, was stricken out by the court; exception was taken to the order of the court striking out the pleas. Subsequently issue was taken on the pleas of nil debit and payment; and at January term 1829, a trial of their issues was had, and a verdict found for the plaintiff. Judgment thereupon was rendered for the sum of $837 40, besides costs.
*409 A capias ad satisfaciendum issued, and Lore presented bis petition to a circuit judge on the 23d of July 1829, praying that he might have the benefit of writs of cer-tiorari and supersedeas, or a writ of error.
The judge granted his fiat for writs of certiorari and supersedeas; but Love, in suing them out, gave a bond for prosecuting a writ of error. At August term 1829, a rule was granted to show cause why the writs of certiorari and supersedeas should not be dismissed. At March term 1830, the rule was argued and made absolute, and judgment given against said Love for the amount of the judgment with 124 per cent, interest as damages.
On Saturday the 4th September 1830, the said Love moved the circuit court to grant him a writ of error, and proved notice on R. J. M’Kinney, attorney in the county court, but who denied that he had any further agency in the cause, or was then of counsel. The court refused the writ of error.
On the petition of Love, one of the judges of this court granted his fiat for a writ of error, by which the cause has been brought into this court.
If we are to consider the filing the record in the circuit court on the 25th of July 1829, as applicable to the certiorari and supersedeas, then the same were rightfully dismissed, for two reasons: first, because no bond to prosecute these writs was given; and because the application came too late, not having been made to the next term of the circuit court, there being no circumstances shown to authorize the writs at a later period.
If we treat the record filed at that time as a writ of error, without a supersedeas, then it will appear from the act of 1823, ch. 44, that the writ was sued out too late, not having been, as required by said act, taken up to the next term, (which had been held in March.) We are therefore of opinion, that no error intervened in dismissing the supersedeas and certiorari, and giving judgment thereupon against Love.
*410 This brings us to the application for a writ of error in open court^September term 1830. It appears by the record that the plaintiff resided in the State of Virginia; that R. J. M’Kinney had been of counsel for him both in the county and circuit court. He appeared to the certiorari, and had the same dismissed at his motion. We do not admit that the attorney, having obtained the judgment, ceases further to be considered as the attorney for his client. The understanding of the profession and practice of the country has been the other way. Business once committed to his care by a client at a distance, must be considered as subject to his control and management to the end of the matters litigated, unless one or the other puts an end to the relation of attorney and client. Not pretending minutely to go into this relative relation, or to fix the boundary between them, it is sufficient to say, that M’Kinney, by appearing in the circuit court in the same cause, on behalf of his client, has estopped himself from denying his relation, only when such denial may have the effect of embarrassment, and defeat the benefit of the only process that by possibility might avail his adversary. The notice for the writ of error was therefore well given.— Should the writ have been allowed? We are of opinion it ought. The act of 1799, allowing the writ of error in the form it was asked for, remains in force. The application was within two years, the period limiting this writ. The applicant having entitled himself to his writ, the disallowance thereof by the court was error.
Reverse the judgment of the circuit court. Remand the cause to the circuit court, as a case in error in that court, if the said Love shall give security to prosecute the same, and then to be proceeded in.
In this case judge Green dissented, believing the act *411 of 1799 to be of error. repealed by the act of 1823, as to writs
Parsons and Kennedy, for plaintiff in error.
R. J. Jti’Kinney, for defendant in error.
Judgment reversed.